NIEMEYER, Circuit Judge,
concurring in the judgment and in the concurring opinion of Judge Luttig:
For the reasons that follow, I concur in the judgment and join Judge Luttig’s concurring opinion.
The concept of constitutional standing lies at the heart of the judicial power conferred on courts by Article III of the Constitution. As the articulation of that standing requirement is relaxed, the scope of Article III power expands, moving it to a position where it could be exercised to resolve contests over legislation simply because citizens disagree with its interpretation. With a continuation of this trend, courts would ultimately become a super-legislative body, arbitrating the conflicts of the views of its citizenry generally.
Before the Supreme Court’s recent decision in Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., — U.S. -, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), I would have affirmed the district court in this case because the plaintiffs, who expressed only a subjective belief of injury, have not shown that they “personally [have] suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and that the injury fairly can be traced to the challenged action.” Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (citations and internal quotation marks omitted). These minimal requirements of Article III assured that legal issues would not be resolved “in the rarifled atmosphere of a debating society.” Id. The Supreme Court recognized in Valley Forge that federal courts are not “publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding.” Id. at 473, 102 S.Ct. 752; see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (standing is “an essential and unchanging part of the case-or-controversy requirement of Article III” and the separation of powers).
As my concurrence in Judge Luttig’s opinion indicates, I believe that the decision in Laidlaw represents a sea change in constitutional standing principles, and in view of that decision I agree that we are now required to reverse.